```
                                              FILED
                                       CLERK, U.S. DISTRICT COURT

                                       02/26/2020

                                       CENTRAL DISTRICT OF CALIFORNIA
                                       BY: _____AP_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| UNITED STATES OF AMERICA, | CR No. **2:20-cr-00110-GW** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A): Distribution and Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(a)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| QUYNHNHU HA NGUYEN, PHILLIP PHAM, MY DUNG CHAU, aka "Sandy," ALEXIS TARULA, CAU HONG, aka "Pee Wee," BUNLY HANG, WILLIAM SU, aka "T-Bone," VIET QUOC TRAN, SINH NGOC TRAN, and LOC HUU TRANG, | |
| Defendants. | |

The Grand Jury charges:

//

//

//

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing to on or about April 2, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants QUYNHNHU HA NGUYEN, PHILLIP PHAM, MY DUNG CHAU, also known as ("aka") "Sandy," ALEXIS TARULA, CAU HONG, aka "Pee Wee," BUNLY HANG, WILLIAM SU, aka "T-Bone," VIET QUOC TRAN ("V. TRAN"), SINH NGOC TRAN ("S. TRAN"), and LOC HUU TRANG, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally possess with intent to distribute, and distribute, at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
     ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendants PHAM, TARULA, HONG, and SU would obtain large quantities of methamphetamine for redistribution.

2.   Defendant PHAM would provide large quantities of methamphetamine to defendants NGUYEN and HANG, who would further distribute that methamphetamine to customers in exchange for payment.

3.   Defendant TARULA would provide large quantities of methamphetamine to defendant CHAU, who would further distribute that methamphetamine to customers in exchange for payment.

1   4.   Defendant CHAU would provide large quantities of

2   methamphetamine to defendant NGUYEN, who would further distribute

3   that methamphetamine to customers in exchange for payment.

4   5.   Defendant NGUYEN would introduce customers to defendants

5   HONG and SU, who would then distribute methamphetamine to those

6   customers in exchange for payment.

7   6.   Defendant V. TRAN would obtain methamphetamine through

8   defendant NGUYEN and distribute that methamphetamine to customers in

9   exchange for payment.

10   7.   Defendant S. TRAN would obtain methamphetamine through

11   defendant CHAU and distribute that methamphetamine to customers in

12   exchange for payment.

13   8.   Defendant TRANG would arrange for customers to purchase

14   methamphetamine in exchange for payment from defendants CHAU and

15   TARULA.

16   9.   Defendant PHAM would possess firearms in order to protect

17   the large quantities of methamphetamine in his possession from other

18   drug suppliers.

19   C.   OVERT ACTS

20   On or about the following dates, in furtherance of the

21   conspiracy, and to accomplish the objects of the conspiracy,

22   defendants NGUYEN, PHAM, CHAU, TARULA, HONG, HANG, SU, V. TRAN, S.

23   TRAN, and TRANG, and others known and unknown to the Grand Jury,

24   committed various overt acts, within the Central District of

25   California, and elsewhere, including, but not limited to, the

26   following:

27   Overt Act No. 1:   On January 30, 2018, by text message and

28   telephone using coded language, defendant NGUYEN provided a

3

Confidential Source working with law enforcement the telephone number of defendant HONG and told the Confidential Source to contact defendant HONG to purchase methamphetamine.

Overt Act No. 2:   On January 30, 2018, by telephone using coded language, defendant HONG agreed to sell the Confidential Source three ounces of methamphetamine for $600.

Overt Act No. 3:   On January 31, 2018, defendant HONG and defendant SU sold approximately 82.83 grams of methamphetamine to the Confidential Source for $600.

Overt Act No. 4:   On September 5, 2018, by telephone using coded language, defendant NGUYEN offered to sell the Confidential Source one pound of methamphetamine for $2,200.

Overt Act No. 5:   On September 18, 2018, defendant NGUYEN provided defendant V. TRAN approximately 438 grams of methamphetamine that defendant V. TRAN sold to the Confidential Source for $2,400.

Overt Act No. 6:   On February 19, 2019, by telephone using coded language, defendant S. TRAN agreed to sell the Confidential Source two pounds of methamphetamine for $3,600.

Overt Act No. 7:   On February 20, 2019, defendant CHAU facilitated the Confidential Source's purchase of approximately 927 grams of methamphetamine from defendant S. TRAN.

Overt Act No. 8:   On March 11, 2019, by telephone using coded language, defendant TRANG agreed to sell the Confidential Source two pounds of methamphetamine for $3,200.

Overt Act No. 9:   On March 13, 2019, defendant CHAU and defendant TARULA drove together to the parking lot of Jade Barbeque Restaurant in Rosemead, California, in order to sell the Confidential Source two pounds of methamphetamine.

1    Overt Act No. 10:   On March 13, 2019, defendant CHAU and

2    defendant TARULA sold the Confidential Source approximately 892 grams

3    of methamphetamine for $3,000.

4    Overt Act No. 11:   On March 20, 2019, defendant NGUYEN and

5    defendant HANG drove to defendant PHAM's house in Alhambra,

6    California and obtained approximately 895 grams of methamphetamine

7    from defendant PHAM that defendant NGUYEN and defendant HANG sold to

8    the Confidential Source for $3,400.

9    Overt Act No. 12:   On or about March 21, 2019, inside his

10   bedroom in his house in Alhambra, California, defendant PHAM

11   possessed approximately 411 grams of methamphetamine, two digital

12   scales, a 12 gauge Mossberg shotgun, a single shot pistol of unknown

13   make and model, and approximately 332 rounds of ammunition.

14   Overt Act No. 13:   On or about March 21, 2019, inside the

15   bedroom of his girlfriend's house in Los Angeles, California,

16   defendant PHAM possessed a Glock model G27, .40 caliber pistol.

17   Overt Act No. 14:   On or about March 28, 2019, by telephone

18   using coded language, defendant CHAU agreed to sell the Confidential

19   Source two pounds of methamphetamine for $2,900 on April 2, 2019.

20   Overt Act No. 15:   On or about April 1, 2019, by telephone

21   using coded language, after the Confidential Source told defendant

22   CHAU that he could only spend $2,700 on the methamphetamine

23   transaction planned for April 2, 2019, defendant CHAU agreed to

24   reduce the amount of methamphetamine in the planned transaction to

25   reflect the reduced amount of money the Confidential Source could

26   spend on the methamphetamine.

27   Overt Act No. 16:   On or about April 2, 2019, defendant TARULA

28   and an unindicted co-conspirator drove to defendant CHAU's house in

San Gabriel, California in order to supply defendant CHAU with approximately 718 grams of methamphetamine that defendant CHAU then sold to the Confidential Source for $2,700.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS NGUYEN, HONG, AND SU]

On or about January 31, 2018, in Los Angeles County, within the Central District of California, defendants QUYNHNHU HA NGUYEN, CAU HONG, also known as ("aka") "Pee Wee" and WILLIAM SU, aka "T-Bone," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 82.83 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS NGUYEN AND V. TRAN]

On or about September 18, 2018, in Los Angeles County, within the Central District of California, defendants QUYNHNHU HA NGUYEN and VIET QUOC TRAN, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 438 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CHAU and S. TRAN]

On or about February 20, 2019, in Los Angeles County, within the Central District of California, defendants MY DUNG CHAU, also known as "Sandy," and SINH NGOC TRAN, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 927 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CHAU, TARULA, and TRANG]

On or about March 13, 2019, in Los Angeles County, within the Central District of California, defendants MY DUNG CHAU, also known as "Sandy," ALEXIS TARULA, and LOC HUU TRANG, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 892 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS NGUYEN, HANG, and PHAM]

On or about March 20, 2019, in Los Angeles County, within the Central District of California, defendants QUYNHNHU HA NGUYEN, BUNLY HANG, and PHILLIP PHAM, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 895 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT PHAM]

On or about March 21, 2019, in Los Angeles County, within the Central District of California, defendant PHILLIP PHAM knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 411.36 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CHAU AND TARULA]

On or about April 2, 2019, in Los Angeles County, within the Central District of California, defendants MY DUNG CHAU, also known as "Sandy," and ALEXIS TARULA, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 718 grams, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[18 U.S.C. § 924(c)(1)(a)(i)]

[DEFENDANT PHAM]

On or about March 21, 2019, in Los Angeles County, within the Central District of California, defendant PHILLIP PHAM knowingly possessed a firearm, namely, Mossberg model 930, 12 gauge shotgun, bearing serial number AF040492, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Seven of this Indictment.

COUNT TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT PHAM]

On or about March 21, 2019, in Los Angeles County, within the Central District of California, defendant PHILLIP PHAM knowingly possessed a firearm, namely, a Mossberg model 930, 12 gauge shotgun, bearing serial number AF040492, and ammunition, namely, 195 rounds of Federal Cartridge Company 12 gauge shotgun ammunition, 65 rounds of Federal Cartridge Company .40 caliber ammunition, six rounds of Federal Cartridge Company .380 caliber ammunition, 10 rounds of Winchester .40 caliber ammunition, three rounds of Winchester .380 caliber ammunition, one round of Fiocchi .380 caliber ammunition, 51 rounds of Remington 9mm ammunition, and one round of Remington .380 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant PHAM possessed such firearm and ammunition knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, case number GA077605, on or about January 12, 2010;

(2) Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, case number GA0800622, on or about August 16, 2010;

(3) Felon in Possession of Ammunition, in violation of California Penal Code Section 12316(b)(1), in the Superior Court of

the State of California, County of Los Angeles, case number GA080266, on or about August 16, 2010; and

(4)   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number GA090649, on or about August 16, 2013.

COUNT ELEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT PHAM]

On or about March 21, 2019, in Los Angeles County, within the Central District of California, defendant PHILLIP PHAM knowingly possessed a firearm, namely, a Glock model G27, .40 caliber pistol, bearing serial number BCLP829, in and affecting interstate and foreign commerce.

Defendant PHAM possessed such firearm knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)   Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, case number GA077605, on or about January 12, 2010;

(2)   Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, case number GA0800622, on or about August 16, 2010;

(3)   Felon in Possession of Ammunition, in violation of California Penal Code Section 12316(b)(1), in the Superior Court of the State of California, County of Los Angeles, case number GA080266, on or about August 16, 2010; and

(4)   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number GA090649, on or about August 16, 2013.

17

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Eight of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1.   One Mossberg model 930, 12 gauge shotgun, bearing serial number AF040492;

2.   One Glock model G27, .40 caliber pistol, bearing serial number BCLP829;

3.   One single shot pistol of unknown make and model, bearing no serial number;

18

4.    One hundred ninety five rounds of Federal Cartridge Company 12 gauge shotgun ammunition;

5.    Sixty five rounds of Federal Cartridge Company .40 caliber ammunition;

6.    Six rounds of Federal Cartridge Company .380 caliber ammunition;

7.    Ten rounds of Winchester .40 caliber ammunition;

8.    Three rounds of Winchester .380 caliber ammunition;

9.    One round of Fiocchi .380 caliber ammunition;

10.   Fifty one rounds of Remington 9mm ammunition;

11.   One round of Remington .380 caliber ammunition; and

(d)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Nine through Eleven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

1.    One Mossberg model 930, 12 gauge shotgun, bearing serial number AF040492;

2.    One Glock model G27, .40 caliber pistol, bearing serial number BCLP829;

3.    One single shot pistol of unknown make and model, bearing no serial number;

4.    One hundred ninety five rounds of Federal Cartridge Company 12 gauge shotgun ammunition;

5.    Sixty five rounds of Federal Cartridge Company .40 caliber ammunition;

6.    Six rounds of Federal Cartridge Company .380 caliber ammunition;

7.    Ten rounds of Winchester .40 caliber ammunition;

1            8.     Three rounds of Winchester .380 caliber
2    ammunition;
3                   9.     One round of Fiocchi .380 caliber ammunition;
4                   10.    Fifty one rounds of Remington 9mm ammunition;
5                   11.    One round of Remington .380 caliber ammunition;
6    and
7            (b)    To the extent such property is not available for
8    forfeiture, a sum of money equal to the total value of the property
9    described in subparagraph (a).
10           3.     Pursuant to Title 21, United States Code, Section 853(p),
11   as incorporated by Title 28, United States Code, Section 2461(c), the
12   defendant, if so convicted, shall forfeit substitute property, up to
13   the value of the property described in the preceding paragraph if, as
14   the result of any act or omission of the defendant, the property
15   described in the preceding paragraph or any portion thereof (a)
16   cannot be located upon the exercise of due diligence; (b) has been
17   transferred, sold to, or deposited with a third party; (c) has been
18   //
19   //
20   //
21
22
23
24
25
26
27
28

21

1 placed beyond the jurisdiction of the court; (d) has been

2 substantially diminished in value; or (e) has been commingled with

3 other property that cannot be divided without difficulty.

4

5                                             A TRUE BILL

6

7                                   _____

8                                   Foreperson

9 NICOLA T. HANNA
  United States Attorney
10

11 *Scott M. Garringer*
   *Deputy Chief, Criminal Division* For:

12 BRANDON D. FOX
   Assistant United States Attorney
13 Chief, Criminal Division

14 JUSTIN R. RHOADES
   Assistant United States Attorney
15 Chief, Violent & Organized Crime
   Section
16

17 SHAWN T. ANDREWS
   Assistant United States Attorney
18 Violent & Organized Crime Section

19

20

21

22

23

24

25

26

27

28